Hall v. Merriman.

The jury found a special verdict, viz. That said Mellisant was born in A. D. 1759 in Middletown, where her parents were then legally settled; that afterwards her father died, and in January A. D. 1772, her mother married to        Dolbier of Hartford, east side of the river, and moved there with her daughter the said Mellisant, where she lived with her husband said Dolbier, until his death sometime in the year A. D. 1777; that her mother continued to live in said Hartford, on the east side of said river, and said Mellisant with her, until sometime in A. D. 1784, when said East Hartford was incorporated into a distinct town; that she continued to live in said East Hartford with her mother, until the 10th of November A. D. 1787, when her mother died. During the whole of said time she was supported and nurtured by her mother, she being an idiot; that upon the death of her mother she became chargeable and was sent to Middletown; and for supporting her this action is brought. Judgment of the County Court is that the law is so upon the facts aforesaid that the defendants do owe, and for the plaintiffs to recover, etc.

Error assigned generally.

---

### NEW HAVEN COUNTY, JULY TERM, A. D. 1790.

### HALL v. MERRIMAN.

The court will not adjudge a writing not to be libelous, which arbitrators have found to be such; if the case is in the least doubtful.

ACTION on note. Plea in bar — That said note was given to oblige the defendant to abide the award of arbitrators, upon the following writing, (the writing is here recited in the plea) which writing was posted up in a public place; that said arbitrators found the defendant guilty and awarded him to pay £10; and that said arbitrators were mistaken in point of law;

for that said writing doth not amount to a libel, nor are said words actionable.

The plaintiff replied the submission and award, and performance on his part and a breach on the part of the defendant. Demurrer.

Judgment — That the reply is sufficient.

By the COURT. The writing is libelous and tends to bring disgrace upon the plaintiff; but was it even doubtful, after a hearing by arbitrators, judges of the parties' own choosing, who have judged it to be so, this court would not set aside their award.